-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LOUIS CHESTNUT,

        Plaintiff,

        -v-

MAGISTRATE MICHAEL J. GABLER,
Allegany County Family Court,
DDS ATTORNEY BARB KELLY,
Allegany Family Court, and
LINDA PALMER, Allegany County Family Court,

        Defendants.

**DECISION and ORDER**
06-CV-534E(F)

---

## INTRODUCTION

Plaintiff Louis Chestnut has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 6, Att. 2), and has requested both permission to proceed *in forma pauperis* (Docket No. 6, Att. 3) and the appointment of counsel (Docket No. 6, Att. 4). This action was initially filed in the United States District Court for the Northern District of New York and was transferred here based on the fact that the Family Court proceedings in question took place in Allegany County. Plaintiff claims that the defendants "Magistrate" Michael Gabler, an Allegany County Family Court Judge, Barb Kelly, an alleged attorney with the County's Department of Social Services, and Linda Palmer, an alleged "Pre-Trial Assessment" clerk or employee with Family Court, violated his constitutional rights during Allegany County Family Court proceedings by, among other things, permitting the unlawful adoption of one of his children.

In his complaint, which is difficult to understand, Plaintiff alleges that Judge Gabler treated him with bias and prejudice during a Family Court proceeding on June 18, 2004, and that either Judge Gabler or someone else allowed one of his plaintiff's children to be unlawfully adopted. Plaintiff contends that he was present at his child's birth and named her, that he has been exposed to a system that has denied his constitutional rights, and that the court should end the "segregation and unlawful practices"committed in the Allegany County Family Court. The complaint also attaches a few documents relating to the Family Court proceeding, including support orders and an Allegany County Jail Time Credit Memorandum stating the number of days plaintiff spent in the Jail on a charge of violating the Family Court Act between June and August 2004. Plaintiff requests injunctive and declaratory relief and monetary relief in the amount of $40,000. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), plaintiff is granted permission to proceed *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action: (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d

Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because they fail to state a claim upon which relief may be granted.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to state a claim under § 1983, plaintiff must allege: (1) that the challenged conduct was attributable at least in part to a person acting under color of state law; and (2) that such conduct deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir. 1993).

Initially, the Court notes that the allegations against Family Court Judge ("Magistrate") Gabler relate solely to his role as a Family Court Judge, which entitles him to absolute judicial immunity. It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities. *See, generally, Mireles v. Waco*, 502 U.S. 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991).

> Although unfairness and injustice to a litigant may result on occasion, "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."

*Id.*, at 10, 287 (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L. Ed. 646 (1871)). The protection of immunity is not pierced by allegations that the judge acted in bad faith or with malice, *Pierson v. Ray*, 386 U.S. 547, 554, 87 S. Ct. 1213, 1217, 18 L. Ed. 2d 288 (1967), even though "unfairness and injustice to a litigant may result on occasion." *Mireles*, 502 U.S. at 9, 112 S. Ct. at 286. The United States Supreme Court has expressly applied the doctrine of judicial immunity to actions brought pursuant to 42 U.S.C. § 1983. *See Pierson*, 386 U.S. at 547, 87 S. Ct. at 1213.

As noted, plaintiff's allegations, as best the Court can discern, relate to an appearance before Judge Gabler in June 2004, which resulted in one of plaintiff's children being adopted. Having reviewed the complaint and the documents attached to thereto, the Court construes plaintiff's claim to challenge either the support orders entered against him or his incarceration for violating the Family Court Act. In any event, there are no allegations that Judge Gabler acted in the "clear absence of jurisdiction," *see Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 1106, 55 L. Ed.2d 331 (1978) (internal quotations and citations omitted), or in any other manner which would divest him of the protections of judicial immunity.

As to the claims against defendant Kelly, who is alleged to be an attorney with the Department of Social Services, and Palmer, who is alleged to be a court employee (Pre-Trial Assessment), they must be dismissed because there are simply no specific factual allegations made with respect to these defendants.[1] The complaint simply sets forth

---

[1] The Court notes that in certain situations court attorneys and clerks, which Kelly and Palmer may be, are entitled to quasi-judicial immunity for the performance of acts that are "judicial in nature" and "an integral part of the judicial process." *See Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (explaining that "the same policies underlying immunity for judges also justify a similar grant of immunity to clerks for performance of tasks which are judicial in nature and an integral part of the judicial process ... [e]ven when functions that

conclusory allegations that plaintiff's rights were violated during the course of Family Court proceedings based on his color. It is axiomatic that a plaintiff's conclusory allegation of a constitutional violation, without more, fails to state a claim upon which relief may be granted. See Barr v. Abrams, 810 F.2d 358, 363 (2d Cir. 1987) (recognizing the Second Circuit's repeated holding that "complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning"); see also Brown v. City of Oneonta, 106 F.3d 1125, 1133 (2d Cir. 1997) (holding that complaints containing only conclusory, vague, or general allegations of a conspiracy to deprive a person of constitutional rights do not state a claim for relief), abrogated on other grounds by Gonzaga University v. Doe, 536 U.S. 273, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002); Butler v. Castro, 896 F.2d 698, 700 (2d Cir. 1990) (concluding that the pro se plaintiff's "conclusory allegation . . . without evidentiary support or allegations of particularized incidents, does not state a valid claim").

Construed liberally, the complaint essentially alleges that plaintiff's constitutional rights were violated during the course of the Family Court proceedings and plaintiff now seeks, in part, to challenge in this Court the orders issued in those proceedings. To the extent plaintiff is asking this Court to review the proceedings before the Allegany County Family Court, said review by this Court is barred by the Rooker - Feldman doctrine and the

---

are more administrative in character have been undertaken pursuant to the explicit direction of a judicial officer") (internal quotations marks omitted); Mullis v. United States Bank. Ct., 828 F.2d 1385, 1390 (9th Cir. 1987), cert. denied, 486 U.S. 1040, 108 S. Ct. 2031, 100 L. Ed. 2d 616 (1988) ("Court clerks have absolute quasi-judicial immunity from damages for civil rights violations w hen they perform tasks that are an integral part of the judicial process."). Because the complaint is silent as to what role, if any, these defendants had in the alleged constitutional violations during the course of the Family Court Proceedings, the Court cannot make a determination if Kelly and Palmer are entitled to quasi-judicial immunity.

complaint must be dismissed accordingly. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86, 103 S. Ct. 1303, 75 L. Ed.2d 206 (1983).

The *Rooker - Feldman* doctrine establishes that federal courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22, 161 L. Ed. 2d 454 (2005). This is precisely what the complaint herein seeks -- a review of the Family Court proceedings at issue. Plaintiff is apparently unhappy with the results of Family Court proceedings which occurred prior to the commencement of this action and complains that he suffered some type of injury as a result of those proceedings. *See id.*, at 284, 1521-22; *see also Cogswell v. Rodriguez*, 304 F. Supp. 2d 350, 356 (E.D.N.Y. 2004) (holding that a plaintiff cannot raise in federal court a due process challenge to a state court determination on the amount of child support owed); *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) (stating that the doctrine prohibits a district court from reviewing claims that are "inextricably intertwined" with a state court's determinations); *Arena v. Dep't of Soc. Servs. of Nassau County*, 216 F. Supp. 2d 146, 152 (E.D.N.Y. 2002) (holding that the plaintiff's § 1983 suit against family court judge and state custody officials was barred by the *Rooker-Feldman* doctrine); *Elmasri v. England*, 111 F. Supp. 2d 212, 220 (E.D.N.Y.2000) (reasoning that "[d]espite plaintiff's protests to the contrary, it is clear to the court that the complaint herein is an attempt to overturn, at least in part, the decision of the

state court regarding the custody of plaintiff's children"). Accordingly, to the extent the complaint alleges that plaintiff's constitutional rights were violated during the course of the Family Court proceedings at issue herein, this Court lacks subject matter jurisdiction over said claims. *See Edem v. Spitzer*, No. 05-CV-3504 (RJD), 2005 WL 1971024 (E.D.N.Y. Aug. 15, 2005) (holding that the *Rooker - Feldman* doctrine also prohibits a court from hearing plaintiff's claims that his constitutional rights were violated during the family court proceedings), *aff'd*, *Edem v. Spitzer*, No. 05-4499-CV, 2006 WL 3228792 (2d Cir. Nov 07, 2006).

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a). Accordingly, his request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, plaintiff's motion for the appointment of counsel (Docket No. 6, Att. 4) is denied as moot;

FURTHER, that the complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

Dated:      2/12, 2007
            Buffalo, New York

_____
WILLIAM M. SKRETNY
United States District Judge